IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MOHAMAD SHARIFI, | ) |
| Plaintiff, | ) |
| v. | ) CV 04-S-0591-NE |
| SHERIFF BLAKE DORNING, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on June 2, 2004, recommending that this action, filed pursuant to 42 U.S.C. § 1983, be dismissed under 28 U.S.C. § 1915A(b). Plaintiff was informed that he could file specific objections to the report and recommendation within fifteen days of the filing of the report and recommendation. Plaintiff has filed both objections to the report and recommendation and a motion to amend his complaint.

It is well settled that motions to amend are addressed to the sound discretion of the trial judge. *See, e. g., Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988); *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). While that discretion is tempered by FED. R. CIV. P. 15(a)'s proviso that "leave shall be freely given when justice so requires," it is clear that "there is no obligation to allow amendment if to do so would be futile." *Laborers Local 938 Joint Health and Welfare Trust v. B. R. Starnes Co.*, 827 F.2d 1454, 1456 (11th Cir. 1987) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Furthermore, where "the allegations contained in plaintiff's motion to amend are vague, conclusory, and unsupported by any facts" it is inappropriate to grant the motion.

*Lee X v. Casey*, 771 F. Supp. 725, 733 (E.D. Va. 1991).

Plaintiff seeks to add Ms. Joann Dunn and Officer R. Baker as defendants but as grounds for his request states only, "[T]he reason I didn't mentioned [sic] at [sic] original complaint, because Sheriff is the head of county staff." In his original complaint plaintiff asks the court to stop the defendants from "sending back my law materials (law books and magazine) and religious books and materials, as unauthorized mail just because it's not sent from the publisher!! I need to receive law books and religious books from my family and friends." Plaintiff admits by implication that he has failed to follow jail mail procedure for receiving books. Plaintiff does not provide any facts to show that the rules and regulations of the jail requiring books be sent to prisoners directly from the publisher violate his constitutional rights.

Plaintiff also seeks to add Sgt. Woodward and Sgt. Elliot as defendants and as grounds for adding them states merely, "I told them about the threats I received from the inmates who ultimately assaulted me." Plaintiff does not state that he followed the jail procedure for seeking protective custody, when he requested protection, or how much time elapsed between the time he made the request and the time he was assaulted. Plaintiff's motion to amend his complaint and add additional defendants is DENIED because the grounds for adding them are vague and unsupported by any facts.

Plaintiff has also requested to amend his complaint and add additional facts about his claim that he has been denied access to the courts. However, plaintiff does not submit any new facts, rather he restates his original complaint and makes it even more clear that he is actually complaining about the effectiveness of his attorneys. Ineffectiveness of counsel is not appropriately raised in a § 1983 action. Plaintiff's complaint that he was denied access to the court was adequately addressed by the magistrate judge in the report and recommendation and the motion is DENIED.

Having carefully reviewed and considered *de novo* all the materials in the court file, including

the report and recommendation, and plaintiff's objections, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

The Clerk is DIRECTED to serve a copy of this Order upon plaintiff.

DONE this 2nd day of July, 2004.

_____
UNITED STATES DISTRICT JUDGE